IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARENCE ARMONT** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:06CV1273-LG-JMR | |
| | § | |
| **E.I. DU PONT DE NEMOURS &** | § | |
| **COMPANY and JOHN DOES 1-10** | § | **DEFENDANTS** |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [24] filed by Defendant E.I. Dupont De Nemours & Company and the Order to Show Cause [26] entered by the Court on February 29, 2008. Plaintiff did not respond to the Motion or to the Order to Show Cause. Upon reviewing the record in this matter, and the relevant law, the Court finds that the Motion to Dismiss [24] should be granted.

On October 30, 2007, Counsel for Plaintiff filed a Motion to Withdraw as Attorneys of Record [22], citing irreconcilable differences between Plaintiff and his Counsel. On December 13, 2007, Chief Magistrate Judge John M. Roper granted the Motion to Withdraw. Plaintiff was ordered to inform the Court of his selection of counsel or of his intent to proceed *pro se* by January 28, 2008. Plaintiff did not comply with the Court's Order, and the copy of the Order that was sent to the Plaintiff was returned as unclaimed on February 11, 2008. Defendant has filed a motion seeking dismissal for Plaintiff's failure to prosecute his case and comply with the Court's Order. Additionally, out of an abundance of caution, the Court entered an Order to Show Cause, ordering Plaintiff to demonstrate why this case should not be dismissed for failure to prosecute.

FED. R. CIV. P. 41(b) provides: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

claim against the defendant." Additionally, a district court has the inherent authority to dismiss an action for failure to prosecute or comply with any court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). However, the district court's discretion is narrower when the statute of limitations would bar reprosecution of the suit. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In the present case, it appears that Plaintiff's case may be barred by the statute of limitations if it is dismissed for failure to prosecute. However, Plaintiff failed to appear at the hearing on the Motion to Withdraw and has either failed to keep the Court informed of his correct address or has refused delivery of Orders sent by the Court. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Therefore, Defendant's Motion to Dismiss will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [24] filed by Defendant E.I. Dupont De Nemours & Company is hereby **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE